UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAMUEL SOTO, ) <br> Defendant. ) | NO. **CR-10-6032-LRS** <br><br> **ORDER DENYING** <br> **MOTIONS TO DISMISS** <br> **AND TO SUPPRESS** |

**BEFORE THE COURT** are Defendant's Motion To Dismiss (Ct. Rec. 43) and Motion To Suppress (Ct. Rec. 45). These motions were heard with oral argument on November 16, 2010.

**I. MOTION TO DISMISS**

In *United States v. Horodner*, 993 F.2d 191 (9th Cir. 1993), the defendant was convicted of possessing the same firearm on two different dates. Because the defendant's constructive possession of this firearm was uninterrupted between those two dates ("was one uninterrupted course of conduct"), the Ninth Circuit Court of Appeals found only one conviction was appropriate. Defendant's two counts of conviction for being a felon in possession of a firearm violated the double jeopardy clause. *Id*. at 193-94.

The captioned matter is distinct from *Horodner*. First, in CR-08-6049-EFS, Defendant was not previously convicted of being a felon in possession of a firearm, nor was he acquitted of that offense. The charge was dismissed without

**ORDER DENYING MOTIONS**
**TO DISMISS AND SUPPRESS -    1**

prejudice by the Government.  Moreover, in the captioned matter, Defendant is not being prosecuted for the same offense since the instant felon in possession of a firearm charge involves different firearms in a different location (residence as opposed to vehicle) seized at a different time.  Multiple 18 U.S.C. Section 922(g) offenses are committed when firearms are either separately obtained or separately stored.  *See e.g. United States v. Dunford*, 148 F.3d 385 (4th Cir. 1998), and *Sellman v. United States*, 92 F.Supp.2d 475, 481 (D. Md. 2000).  There is no violation of the double jeopardy clause here and the court is not aware of any constitutional authority that because these separate offenses occurred on the same day, they were required to be prosecuted in the same Indictment filed in CR-08-6049-EFS.

## II.  MOTION TO SUPPRESS

### A.  Probable Cause

A magistrate judge or a state court of record may issue a search warrant authorizing the search of a premises upon a showing that probable cause exists to believe that contraband or evidence will be found.  Fed. R. Crim. P. 41.  The test applied is whether, using common sense and considering the totality of the circumstances, the judge can reasonably conclude there is a "fair probability" that contraband or evidence of a crime will be found in the place to be searched.  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  A judge's finding of probable cause is entitled to great deference.  *United States v. Terry*, 911 F.2d 272, 275 (9th Cir. 1990).  "[A]ll data necessary to show probable cause for the issuance of a search warrant must be contained within the four corners of a written affidavit." *United States v. Anderson*, 453 F.2d 174, 175 (9th Cir. 1971).  "[A]fter the fact scrutiny by courts of the sufficiency of the affidavit should not take the form of *de novo* review." *Gates*, 462 U.S. at 236.  This deferential approach is the antithesis of a

**ORDER DENYING MOTIONS
TO DISMISS AND SUPPRESS -    2**

"grudging or negative attitude" towards search warrants and "a hypertechnical rather than a commonsense" analysis. *United States v. Gourde*, 440 F.3d 1065, 1069 (2006), quoting *United States v. Ventresca*, 380 U.S. 102, 108-09, 85 S.Ct. 741 (1965). "A [judge] is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986). See also *Gates*, 462 U.S. at 240 (magistrate judge may "draw such reasonable inferences as he will from the material supplied to him by applicants for a warrant").

Based on the information contained in Agent Leahy's search warrant affidavit, there was probable cause to search Defendant's residence for narcotics and/or firearms. This probable cause existed even if the court does not consider the drugs and the firearm that were discovered in the vehicle the Defendant was driving after it was stopped by law enforcement. Sufficient probable cause to search the residence existed even prior to effectuation of the traffic stop. (See pp. 1-3 of the Search Warrant Affidavit). This probable cause was derived from the information provided by the confidential source who had a track record of reliability.

The firearm discovered in the vehicle was the subject of a separate Indictment against the Defendant in CR-08-6049-EFS. The Government conceded suppression of that firearm was warranted based on the U.S. Supreme Court's decision in *Arizona v. Gant*, ___ U.S. ___, 129 S.Ct. 1710 (2009). The court therefore suppressed the firearm and the Government dismissed that Indictment without prejudice. In *Gant*, the Supreme Court held that a warrantless search of a motor vehicle incident to lawful arrest is justified in two circumstances: 1) when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search; and 2) when it is reasonable to believe the

**ORDER DENYING MOTIONS
TO DISMISS AND SUPPRESS -    3**

vehicle contains evidence of the offense of arrest. 129 S.Ct. at 1723. Those circumstances did not exist in CR-08-6049-EFS. The Defendant was secured in the back of the patrol vehicle following his arrest and it was not reasonable to believe Defendant's vehicle contained evidence of the offense of arrest because the Defendant was not arrested for an offense; he was arrested on an outstanding felony warrant. Accordingly, the warrantless search of the Defendant's vehicle could not be justified based on the search incident to lawful arrest exception and Judge Shea so found: "The Court agrees that withdrawal of the guilty plea is appropriate and suppression of the physical evidence obtained during the vehicle search is required **under *Gant*.**" (Ct. Rec. 72 in CR-08-6049-LRS at p. 1)(Emphasis added).

This judicial officer initially concluded in open court that the search in CR-08-6049-EFS resulted in suppression of all evidence found in the vehicular search conducted in that case. However, upon review, Judge Shea basically approved an agreed upon withdrawal of plea and dismissal without prejudice of a charge solely involving one firearm not at issue here. The Court at that time did not have before it either the affidavit prepared in this case nor the information before the issuing judge. More specifically, the parties focused solely on the issue raised by the *Gant* holding (i.e. search incident to arrest) and presented an agreed upon order which did not consider the automobile exception as it might apply in a later case.

While the undersigned judicial officer concludes that the affidavit in the present case clearly supports a finding of probable cause without reference to search of the defendant's vehicle, upon further reflection it is also the conclusion of this Court that the automobile exception to *Gant* permits consideration of the fruits of the earlier search.

Although a search of the vehicle incident to arrest was not justified under *Gant*, there was another basis justifying a warrantless search thereof. According

**ORDER DENYING MOTIONS
TO DISMISS AND SUPPRESS -    4**

to *Gant*, when justifications for a warrantless search incident to arrest are absent, "a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." 129 S.Ct. at 1723-24. There must be probable cause independent of the arrest. The automobile exception, as distinct from the search incident to arrest exception, provides that once probable cause exists to believe that a motor vehicle contains contraband and the vehicle can be moved, officers may conduct a warrantless search of the vehicle and the scope of that search is as broad as a magistrate could authorize through a warrant. *California v. Carney*, 471 U.S. 386, 394-95, 105 S.Ct. 2066 (1985). "If there is probable cause to believe a vehicle contains evidence of criminal activity, *United States v. Ross*, 456 U.S. 798, 820-21, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), authorizes a search of any area of the vehicle in which the evidence might be found." *Gant*, 129 S.Ct. at 1721. "*Ross* allows searches for evidence relevant to offenses **other than the offense of arrest**, and the scope of the search authorized is broader." *Id*. (emphasis added).

Here, based on the information supplied by the confidential source, there was probable cause to believe Defendant's vehicle contained contraband (narcotics and/or firearms) that could be destroyed or secreted unless the vehicle was stopped. Because of the automobile search exception, this court may consider the "fruits" of the vehicle stop in determining whether the search warrant affidavit presented probable cause to search Defendant's residence.[1] The reliability of the confidential informant and the accuracy of the information provided by him was

---

[1] Because of the objective reasonable officer standard, it matters not that an officer does not subjectively believe his search is justified based on the automobile exception, and instead subjectively believes it is based on the search incident to arrest exception.

**ORDER DENYING MOTIONS
TO DISMISS AND SUPPRESS -    5**

further corroborated by the contraband found in the vehicle.

### B. Particularity/Breadth

"A search warrant must allege with reasonable particularity the types of items that may be seized." *United States v. Clark*, 31 F.3d 831, 836 (9th Cir. 1994). Sufficient particularity must exist so as to give meaningful guidance to the searching officers. *Id*. "[I]t need only be 'reasonably specific, rather than elaborately detailed.'" *United States v. Rude*, 88 F.3d 1538, 1551 (9th Cir. 1996). A warrant "must be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized." *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986).  One or more factors are considered in determining specificity: 1) whether there was probable cause to seize particular items in the warrant; 2) whether the warrant sets out objective standards by which executing officers can determine which items are subject to seizure; and 3) whether the government could have described the items more particularly when the warrant was issued. *United States v. Wong*, 334 F.3d 831, 836-37 (9th Cir. 2003). "Breadth" deals with the requirement that the scope of the warrant must be limited by the probable cause on which the warrant is based. *U.S. v. SDI Future Health, Inc.*, 568 F.3d 684, 702 (9th Cir. 2009). It is distinct from the particularity requirement. "A warrant must not only give clear instructions to a search team, it must also give legal, that is, not overbroad, instructions." *Id*. This means "there [must] be probable cause to seize the particular thing[s] named in the warrant." *Id*.

There was probable cause to believe narcotics and firearms were in the Defendant's residence and therefore to seize the same. It is not apparent how Agent Leahy could have offered a more specific description in his search warrant affidavit than "narcotics and/or guns."

**ORDER DENYING MOTIONS
TO DISMISS AND SUPPRESS -    6**

**C. Staleness**

An affidavit must be based on facts "so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *Durham v. United States*, 403 F.2d 190, 193 (9th Cir. 1968). "The mere lapse of substantial amounts of time is not controlling in a question of staleness," however. *United States v. Dozier*, 844 F.2d 701, 707 (9th Cir. 1988). Staleness is evaluated "in light of the particular facts of the case and the nature of the criminal activity and the property sought." *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993). Information offered in support of an application for a search warrant is not stale if "there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." *United States v. Gann*, 732 F.2d 714, 722 (9th Cir. 1984).

The information provided by the confidential source and recited in Agent Leahy's affidavit was not stale. The source started providing information to law enforcement in March 2008 and it was in April 2008 that the search of Defendant's residence took place.

**III. CONCLUSION**

Defendant's Motion To Dismiss (Ct. Rec. 43) and Motion To Suppress (Ct. Rec. 45) are **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this ___19th___ day of November, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief U. S. District Court Judge

ORDER DENYING MOTIONS
TO DISMISS AND SUPPRESS -     7